Hicks & Hathaway *v.* Campbell.

---

HICKS & HATHAWAY *vs.* CAMPBELL and others.

1. A bill is not demurrable for multifariousness, which unites several matters, distinct in themselves, but which together make up the complainants' equity, and are necessary to complete relief; nor, on the ground of misjoinder of several complainants, where either of them would not be entitled to proceed separately for relief without making the others defendants.

2. All parties in interest in the subject matters of a suit, and who are necessary to the protection of other parties to the suit, are necessary parties.

3. An unconditional delivery of goods without payment, at a cash sale, does not pass the title and bind the sale as to a purchaser upon false and fraudulent misrepresentations.

4. This court has no discretionary power in the matter of costs upon a demurrer.

The bill states that, in November, 1864, Whedon & Company purchased of Hicks & Hathaway, of A. M. Hoyt, of George B. Powell & Company, of Phare & Thorp, and of Edwards W. Coleman, five different houses dealing in flour, in the city of New York, three hundred and seventy-five barrels of flour, seventy-five of which were bought of each of these houses or firms, on separate bargains with each; that the purchase in each case was for cash, and was made through false and fraudulent representations, and that Whedon & Company, in each case, to defraud the vendors, took possession of the flour without paying for it, and sent it to the city of Newark, where they pledged the whole three hundred and seventy-five barrels to the defendant, Charles G. Campbell, to secure the payment of $1500, advanced to them by Campbell; that each of the five vendors replevied the flour sold by them respectively, in the hands of Campbell, treating the sale as void, on account of the fraud, and because the terms of each payment had not been complied with; that Phare & Thorp and E. W. Coleman brought their replevins to trial, and in each case a verdict was rendered for Campbell, on the ground that he had advanced the money in good faith, without notice of any fraud or illegality on part of Whedon & Company; that the amount assessed as the value of the flour replevied in these two suits was $1800, that this was paid to Campbell, and exceeded the amount advanced by him, with interest; that Campbell, having thus been paid the whole amount advanced by him, has no further claim in equity on the residue, or two hundred and twenty-five barrels, sold by Hicks & Hathaway, A. M. Hoyt, and Powell & Company, respectively, although he may, at law, have a defence to these actions of replevin. Hicks & Hathaway, and A. M. Hoyt, and George B. Powell

& Company, the complainants, exhibit their bill against Campbell, and Phare & Thorp, and E. W. Coleman, as defendants, for relief. They admit that Phare & Thorp and E. W. Coleman, having in effect paid and discharged the lien on the whole three hundred and seventy-five barrels of flour, by the appropriation of their own flour under the judgments in the replevin suits for that purpose, are subrogated to the lien which Campbell may have had on the flour sold by the complainants for a pro rata proportion of this advance; they tender themselves willing to pay this proportion to Phare & Thorp and to E. W. Coleman, respectively, and pray that Campbell and themselves, as plaintiffs, may be perpetually restrained from any further proceeding in the actions of replevin. Whedon & Company were made parties to the actions of replevin, but put in no defence, and are not made parties to the present suit.

Campbell demurred to the bill. The causes of demurrer specially set forth are multifariousness and misjoinder of complainants. On the argument, it was further insisted, *ore tenus*, as a cause of demurrer, that Whedon & Company were necessary parties, and had not been made defendants.

*Mr. McCarter*, in support of the demurrer.

*Mr. Keasbey*, contra.

THE CHANCELLOR.

The sales, and the suits in replevin of the three different sets of complainants, are no doubt separate and distinct matters, in no wise connected, and neither party has, or can have, an interest in the sales of, or suits by, the other parties; if there was no other common bond between them to unite them in this suit, the demurrer would be well taken, both on the ground of multifariousness and that of misjoinder of complainants. But they are connected by the fact, that the lien of Campbell, from which this bill seeks to relieve them, was a common lien on the flour of each of them, for

Q *

one advance on the whole, and on the flour of the other defendants. They are in the same situation as the separate owners of three parcels of land encumbered by the same mortgage, seeking to redeem : neither can redeem separately his own parcel without paying the whole mortgage debt, when, in equity, each ought to pay his share. The obligation is in both cases a joint one, and the parties so jointly bound have a right to join in one suit for relief; and the same reason makes it proper that they should join in one suit against the defendants, Phare & Thorp and E. W. Coleman, who, in equity, are entitled to be subrogated to the right of Campbell, and to have a proper share of the lien paid by the complainants. In this suit, either of the complainants would not be entitled to proceed separately for relief without making both the others defendants as well as the two who have in effect paid off the lien ; the whole equity of the case could not be adjusted unless they were before the court. It is, therefore, no misjoinder, if they agree so to do, that they should come before the court jointly, as complainants.

Whedon & Company, being parties to the replevin suits, as well as the bailors of the goods pledged to Campbell, to whom he is *prima facie* bound to re-deliver them upon being re-paid his advance, are necessary parties to the suit. Campbell would not be protected, as against them, if not made parties.

It was urged on the argument, that the demurrer should be sustained as well taken, though the cause assigned might not be sufficient, because the case set forth in the bill showed no equity or ground for relief; that, although it was a sale for cash, yet, as the goods were delivered unconditionally, without payment, the title passed, and the sale would not be held void for non-payment. That may be the law of New York, where the sale took place. Yet the bill expressly avers that the purchases were made through false and fraudulent misrepresentations; and this, if true, is sufficient

to avoid the sale, as to the purchaser. The demurrer cannot be sustained on that ground.

The complainants will be allowed to amend their bill by making Whedon & Company parties, but it must be on payment of the costs of the demurrer. The twenty-seventh section of the chancery act takes away in this case the discretion under which a different practice prevails in England. 1 *Dan. Chan. Prac.* 626.